**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Bill Dragonas, Jr.,

        Plaintiff,

v.

Macerich,

        Defendant.

No. CV-20-01648-PHX-MTL

**ORDER**

    Before the Court are two motions from Defendant Macerich:[1] a motion to dismiss for lack of jurisdiction, or, alternatively, for failure to state a claim, and a motion to strike Plaintiff's sur-reply. (Docs. 5, 9.) For the following reasons, the Court grants the motion to dismiss and denies the motion to strike.[2] This case is dismissed without prejudice.

## I.    BACKGROUND

    Plaintiff Bill Dragonas, Jr., is a 74-year-old Arizona resident who frequently visits the Paradise Valley Mall. (Doc. 1-1 ¶ 8.) On an unspecified date, he visited the mall without wearing a face mask, "as usual." (*Id*. at 6.) Without "provocation or cause," two women "harassed" Plaintiff for his refusal to wear a mask. (Doc. 1-1 at 4.) Although the Complaint

---

[1] Plaintiff refers to Defendant as "Macerich" or "Macerich Inc." in the Complaint and as "P.V. Mall" in the Summons. (Doc. 1-1 at 2, 3.) Defendant asserts that the entity that owns the Paradise Valley Mall is Paradise Valley Mall SPE LLC, which an "indirect subsidiary of Macerich, Inc." and the entity it presumes that Plaintiff intended to sue. (Doc. 5 at 1.)

[2] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b). (Doc. 5 at 1.)

1   does not state as much, the Court understands this event to have occurred during the

2   COVID-19 pandemic. The women then "falsely" complained to mall security that Plaintiff

3   was harassing them. (*Id*.) Plaintiff told mall security that he was not wearing a mask

4   because of his religious beliefs (which are unspecified).[3] (*Id*.) Mall security told Plaintiff

5   to leave and that he was banned from returning for one year. Plaintiff was not provided any

6   "due process" or hearing in connection with this decision. (*Id*. at 7.)

7         Plaintiff filed his Complaint, *pro se*, in the Maricopa County Justice Court, Dreamy

8   Draw Precinct, on July 29, 2020. (*Id*. at 2.) It alleges that Defendant violated "Title II of

9   the Civil Rights Act" by removing him from the mall due to his "refusal to wear a mask

10   pursuant to his religious beliefs."[4] (*Id*. at 8.) He seeks compensatory damages, punitive

11   damages, and injunctive relief.[5] (*Id*.) Defendant timely removed the case to this Court

12   pursuant to 28 U.S.C. § 1441. (Doc. 1.) It then filed the pending motion to dismiss, which

13   is now fully briefed. (Docs. 5, 6, 7.)

14   **II.      MOTION TO DISMISS**

15         **A.      Legal Standards**

16               **1.      Rule 12(b)(1)**

17         Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over

18   which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When the motion to

19   dismiss attacks the allegations of the complaint as insufficient to confer subject matter

20   jurisdiction, all allegations of material fact are taken as true and construed in the light most

21   favorable to the nonmoving party." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D.

22

23   [3] Plaintiff also states that religious beliefs are a specific exception to the Governor's "mask
     mandate." (Doc. 1-1 at 4.) The Court takes judicial notice of the fact that although Governor

24   Ducey has issued various executive orders in light of the COVID-19 pandemic (*see, e.g.,
     Xponential Fitness v. Arizona*, No. CV-20-01310-PHX-DJH, 2020 WL 3971908, at *2 (D.

25   Ariz. July 14, 2020) for a partial list), he has not issued a statewide mask mandate.

26   [4] The Complaint states at one point that under the Governor's "decree," masks were not
     required in the case of "religious belief or health reasons." (*Id*. at 6.) The Complaint does

27   not otherwise state that Plaintiff's refusal to wear a mask was due to health reasons.

28   [5] Title II "does not provide for a private right of action for money damages." *Ramirez v.
     Hart*, No. C13-5873 RJB, 2014 WL 2170376, at *6 (W.D. Wash. May 23, 2014).

Ariz. 2006) (citing *Fed'n. of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). Federal courts may only hear cases as authorized by the Constitution and Congress; namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). On a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff has the burden to demonstrate that jurisdiction exists. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### 2.    Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

The Court must accept material allegations in the Complaint as true and construe them in the light most favorable to Plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581.

### B.    Discussion

The Court interprets the Complaint as asserting a claim under Title II of the Civil

Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"), for an alleged denial of the benefits of a public accommodation due to Plaintiff's religious beliefs. Defendant argues that the case should be dismissed for lack of subject-matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies, or, alternatively, for his failure to state a claim. The Court addresses these arguments in turn.

**1.      Lack of Subject-Matter Jurisdiction**

Title II prohibits discrimination in places of public accommodation on the basis of "race, color, religion, or national origin." 42 U.S.C. § 2000a. It contains a notice provision providing that a plaintiff shall not bring a civil action "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," if such state has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice." 42 U.S.C. § 2000a–3(c). Accordingly, if the relevant state has an agency with the authority to hear complaints of discrimination prohibited by Title II, then notification to that agency is a "prerequisite for federal jurisdiction." *May v. California Hotel & Casino, Inc.*, No. 2:13-CV-00066-GMN, 2014 WL 1494231, at *3 (D. Nev. Apr. 14, 2014).

Defendant argues that this case should be dismissed for lack of subject-matter jurisdiction because Plaintiff "failed to exhaust his administrative remedies" under Title II. (Doc. 5 at 3.) Plaintiff does not respond to this argument. (Docs. 6, 8.) The Court notes, at the outset, that this argument is more properly characterized as a failure to comply with a notice requirement, rather than to exhaust administrative remedies. *See, e.g., Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1426 (D. Idaho 1995) (While a plaintiff is "not required to exhaust state court remedies, it is clear that notice under the statute is a jurisdictional prerequisite to filing a civil action in federal court."); *Ramirez v. Adventist Med. Ctr.*, No. 3:17-CV-831-SI, 2017 WL 4798996, at *6 (D. Or. Oct. 24, 2017) (a Title II plaintiff's claim was "barred for failing to comply with this statutory notice requirement").

Here, the alleged violation occurred in Arizona. (Doc. 1-1 at 4.) The Arizona Civil

Rights Act prohibits the denial of the "advantages, facilities or privileges" of a place of public accommodation "because of race, color, religion, sex, national origin or ancestry." A.R.S. § 41-1442. *See also Dawson v. Superior Court In & For Maricopa Cty*., 163 Ariz. 223, 224–25 (Ct. App. 1990) ("In enacting the Civil Rights Act, the Arizona Legislature intended to accomplish the same objectives on the state level as those on the federal level.") (citation omitted). The Arizona Civil Rights Division (ACRD), a division of the Arizona Attorney General's Office, is the designated agency to review such complaints and to enforce the Arizona Civil Rights Act. *See* A.R.S. § 41-1401. An individual may bring a civil action under the Arizona Civil Rights Act "only after the [ACRD] has had an opportunity to investigate charges and, if it chooses, to instigate formal or informal processes to address them." *Miles v. Vasquez*, No. CV-07-1398-PHX-FJM, 2007 WL 3307020, at *2 (D. Ariz. Nov. 6, 2007).

Accordingly, Plaintiff was required to notify the ACRD of the alleged violation at issue. Because the Complaint does not indicate that he did so, Plaintiff has not complied with Title II's notice requirement. *See Boyle*, 883 F. Supp. at 1425-26 (Section § 2000a-3(c) "clearly requires" Title II plaintiffs to give prior notice to the relevant state or local authorities prior to initiating suit).

The Court notes that Defendant's reply indicates that on September 8, 2020—more than a month after filing the present Complaint, and six days after filing his response brief—Plaintiff filed a separate complaint with the ACRD.[6] (Doc. 7 at 3; Doc. 7-1.) This filing is insufficient because a Title II plaintiff must wait for "the expiration of thirty days after written notice" before filing a lawsuit. 42 U.S.C. § 2000a–3(c). Further, as Defendant points out, Plaintiff's ACRD complaint asserts that he faced discrimination based on his *disability* (which is not specified), as compared with his *religion*. (Doc. 7-1 at 2; Doc. 1-1- at 7.) Title II mandates notification of "such alleged act or practice" for which the plaintiff seeks relief. 42 U.S.C. § 2000a–3(c). Even had Plaintiff's ACRD complaint been timely

---

[6] Because Defendant brings a factual attack against subject-matter jurisdiction, the Court may look beyond the Complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

filed, it would not have provided notice of the alleged conduct for which he complains herein. For this independent reason, Plaintiff has not complied with Title II's notice provision.

Because Plaintiff failed to timely notify the ACRD of the alleged religious discrimination at issue, this Court lacks jurisdiction to hear the Title II claim. *See, e.g., May*, 2014 WL 1494231, at *4 ("Therefore, because Plaintiff failed to notify the [appropriate agency] of the alleged discrimination in a place of public accommodation, this Court lacks jurisdiction to hear the Title II claim."); *Boyle*, 883 F. Supp. at 1427 (dismissing case for failure to comply with Title II notice requirement because "a vital jurisdictional prerequisite to this suit is absent"). Because Plaintiff may remedy this defect, dismissal without prejudice is appropriate. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) ("[B]ecause the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice.").

## 2. Failure to State a Claim

Defendant next argues that Plaintiff has failed to state a Title II claim under Rule 12(b)(6). The Court need not reach the merits of this argument, having found that Plaintiff did not comply with the notice requirement. Nonetheless, it does so particularly in light of Defendant's argument that dismissal *with* prejudice is appropriate because Plaintiff "cannot" state a claim "under any circumstances, whether or not he cures his jurisdictional defects." (Doc. 5 at 6.)

Title II enacted "a sweeping prohibition of discrimination or segregation on the ground of race, color, religion, or national origin at places of public accommodation whose operations affect commerce." *Daniel v. Paul*, 395 U.S. 298, 301 (1969). As noted, it provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). To state a prima facie case, a Title II plaintiff must demonstrate that he: "(1) is a member of a protected class, (2) attempted to

contract for services and afford himself or herself of the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better." *Crumb v. Orthopedic Surgery Med. Grp.*, No. 07-cv-6114-GHK-PLAx, 2010 WL 11509292, at *3 (C.D. Cal. Aug. 18, 2010), aff'd, 479 F. App'x 767 (9th Cir. 2012) (citations omitted).

### a.   Place of Public Accommodation

Defendant argues that the Complaint fails to state a claim because the Paradise Valley Mall is not a "place of public accommodation." (Doc. 5 at 5.) Title II defines "places of public accommodation" as "establishments affecting interstate commerce or supported in their activities by State action as places of public accommodation," including:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests . . .;
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b). Courts have consistently declined to expand this definition to include facilities not specifically listed. *See, e.g., Ford v. Surprise Family Urgent Care Ctr., LLC*, No. CV 10-1920-PHX-SRB, 2011 WL 13137866, at *2 (D. Ariz. Sept. 6, 2011) ("Despite the seemingly broad language 'affect[ing] interstate commerce,' courts have interpreted the definition of places of public accommodation relatively narrowly, generally adhering to the three categories outlined in the statute: lodgings, restaurants, and entertainment

facilities."); *Touma v. Gen. Counsel of Regents*, No. SACV 17-1132-VBF(KS), 2017 WL 10541005, at *12 n.5 (C.D. Cal. Dec. 13, 2017) ("[C]ourts have interpreted the definition of places of public accommodation narrowly, generally adhering to the three categories outlined in the statute—lodgings, restaurants, and entertainment facilities[.]").

The Court agrees with Defendant that the mall, in itself, is not a place of public accommodation under Title II.[7] The "detailed" list of included establishments does not include shopping centers. *Jones v. Brouwer*, No. CV 20-7067-MWF (PLAX), 2020 WL 7127125, at *3 (C.D. Cal. Oct. 16, 2020). Further, the fact that the definition includes "cafeterias, lunchrooms, and any facility 'located on the premises of any retail establishment' implies that Congress did not intend to include retail establishments as such." *Id.* If it had, there would have been "no need to state expressly that restaurants within retail establishments are covered." *Id.* (citing 42 U.S.C. 2000 § 2000a(b)(2)). Put simply, "Congress could have just as easily included in § 2000a(b) all retail establishments and/or all shopping centers when it enacted Title II or Congress could have subsequently amended the statute to include such establishments," but did not do so. *Halton v. Great Clips, Inc.*, 94 F. Supp. 2d 856, 863 (N.D. Ohio 2000). This Court, like others before it, interprets the term "places of public accommodation" "narrowly" and as excluding shopping malls. *Ford*, 2011 WL 13137866, at *2. Plaintiff, therefore, has not stated a prima facie claim under Title II. *Crumb*, 2010 WL 11509292, at *3.

This defect may potentially be cured by amendment. Although the current Complaint appears to refer to the mall as a whole, it remains conceivable that the alleged conduct occurred in a food court, restaurant, or "other facility principally engaged in selling food for consumption on the premises," or within an area otherwise covered under § 2000a(b). *See, e.g., United States v. Baird*, 85 F.3d 450, 454 (9th Cir. 1996) (holding that a 7-Eleven convenience store was a public accommodation under Title II as a "place of entertainment" under § 2000a(b)(3) only because the specific store contained two video

---

[7] Plaintiff asserts that a mall "is not public like a Courthouse or school - but yes it is public in that it is a business that is open to the public." (Doc. 8 at 1.) This is not a legally sufficient characteristic under Title II.

1  game arcade machines). Further, courts must "liberally construe the 'inartful pleading' of

2  pro se litigants," which "is particularly important in civil rights cases." *Eldridge v. Block*,

3  832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365

4  (1982) (per curiam)). Dismissal with prejudice is not warranted on this basis.

5  **b.   Accommodation**

6  Defendant also argues that Plaintiff has not stated a claim because he alleges that he

7  was denied an accommodation of his purported religious beliefs, which Title II does not

8  require. (Doc. 5 at 10.) The one case cited by Defendant is *Boyle*, 883 F. Supp. at 1432. In

9  that case, the district court granted summary judgment to a defendant golf course on the

10  plaintiff's claim that, by scheduling golf tournaments on Sundays, it was discriminating

11  against him as a member of the Church of Jesus Christ of Latter-day Saints. The court

12  concluded that there was no evidence of actual religious discrimination and found

13  "persuasive evidence of a congressional intent not to require Title II public facilities to

14  reasonably accommodate the religious beliefs of patrons." *Id.*

15  Defendant argues that here, similarly, the Paradise Valley Mall did not deny

16  Plaintiff entry due to his purported religious beliefs, but instead denied him an

17  accommodation of these beliefs—"namely, by refusing to excuse him from complying with

18  the applicable Maricopa County mask ordinance while visiting the Mall." (Doc. 5 at 10.)

19  Although this argument may be meritorious at a later stage, the Court is not convinced at

20  the motion to dismiss stage. Taken in the light most favorable to Plaintiff, the Complaint

21  may be interpreted as alleging that Plaintiff was "denied the full benefits or enjoyment" of

22  the mall (which, as previously noted, is not a public accommodation). *Crumb*, 2010 WL

23  11509292, at *3. Further, these benefits were allegedly available to similarly situated non-

24  members of Plaintiff's religion—whatever that may be—as required to state a prima facie

25  case under Title II. *Id.* Dismissal with prejudice is not appropriate on these grounds, either.[8]

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27  [8] Defendant requests, in a footnote to its reply brief, that the Court strike pages 8–10 of
Plaintiff's response, which contains confidential settlement discussions. (Doc. 7 at 5.)

28  Although the Court declines to strike these pages from the record, it did not consider them
when ruling on the present motion to dismiss.

3.      **Attorney's Fees**

Defendant requests attorney's fees pursuant to 42 U.S.C. § 2000a-3(b), which permits the award of a "reasonable" fee to a prevailing party under this section. Plaintiff does not respond to this argument in his response brief.[9] (Doc. 6.)  In the Ninth Circuit, a district court may award attorney's fees to a prevailing Title II defendant "on the basis of its determination that [the plaintiff's] action was 'frivolous, unreasonable, or without foundation.'" *Liaosheng Zhang v. Honeywell Intern., Inc.*, 442 Fed. Appx. 288, 289 (9th Cir. 2011). *See also Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978) (A civil rights plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.").

Although the Court agrees with Defendant that Plaintiff has not stated a legally cognizable claim, it declines to award attorney's fees at this time. This case is dismissed without prejudice, such that it remains conceivable that Plaintiff could state a valid claim. *See Davis v. Los Angeles W. Travelodge*, No. CV 08-8279 CBM (CTX), 2010 WL 11597485, at *4 (C.D. Cal. Apr. 2, 2010) (declining to award attorney's fees to a successful Title II defendant because "Plaintiff's action does not qualify as an exceptional case"). Nonetheless, the Court admonishes Plaintiff that the Court may choose to award Defendant's attorney's fees should it find any future iteration of this case to be frivolous, unreasonable, or groundless.

**III.     MOTION TO STRIKE SUR-REPLY**

After briefing on the Motion to Dismiss was complete, Plaintiff filed a "Sur Reply" (Doc. 8), which Defendant seeks to strike. Local Rule of Civil Procedure 7.2(m) governs motions to strike. It permits such a motion "if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court

---

[9] Plaintiff's sur-reply states, "if a $100 paralegal can go back and forth with this attorney in federal court – then this attorney / firm are most certainly and definitely *not worth their fees in general* – let alone in the instant matter." (Doc. 8 at 2.) The Court does not find this to be a helpful argument.

- 10 -

order." LRCiv 7.2(m)(1). The decision to grant or deny a motion to strike is within the Court's discretion. *Joe Hand Promotions, Inc. v. Manzo*, No. 2:15-CV-00313 JWS, 2016 WL 5118326, at *1 (D. Ariz. Sept. 21, 2016).

Defendant is correct in asserting that Plaintiff improperly filed a sur-reply. "Neither Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a sur-reply, and sur-replies are not authorized by any other rules of procedure absent express prior leave of the Court." *Spina v. Maricopa Cty. Dep't of Transp.*, No. CV05-0712-PHX-SMM, 2009 WL 890997, at *1 (D. Ariz. Apr. 1, 2009). *See also* LRCiv 7.2 (providing for response and reply pleadings only). Nonetheless, in light of Plaintiff's *pro se* status, and Defendant's citation to Plaintiff's ACRD complaint for the first time in its reply,[10] the Court denies the motion to strike. The Court considered Plaintiff's sur-reply in ruling on the pending motion to dismiss.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5) to the extent that the Complaint is dismissed <u>without prejudice</u> for lack of jurisdiction and for failure to state a claim.

**IT IS FURTHER ORDERED denying** Defendant's request for attorney's fees pursuant to 42 U.S.C. § 2000a-3(b) <u>without prejudice</u> (part of Doc. 5).

**IT IS FURTHER ORDERED denying** Defendant's Motion to Strike Impermissible Sur-Reply Filed by Plaintiff in Opposition to Motion to Dismiss. (Doc. 9.)

**IT IS FINALLY ORDERED** allowing Plaintiff **60 days** to comply with the notice requirement described herein and to file an Amended Complaint that conforms with the requirements set forth in this Order. Because the Court is giving Plaintiff leave to amend, the Clerk of the Court shall not enter judgment at this time.

/ / /

---

[10] The Court assigns no fault to Defendant for this late argument because, as noted, Plaintiff filed the referenced ACRD complaint after filing his own response brief. (Doc. 7-1.)

Dated this 3rd day of February, 2021.

Michael T. Liburdi
United States District Judge