**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bill Dragonas, Jr., | No. CV-20-01648-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Macerich, et al., | |
| Defendants. | |

There are two motions to dismiss pending in this matter. (Docs. 14, 18.) One motion targets Plaintiff's First Amended Complaint (Doc. 13). (Doc. 14.) The other targets Plaintiff's Second Amended Complaint (Doc. 16). (Doc. 18.) Because there is uncertainty as to which complaint is operative, the Court will evaluate whether Plaintiff properly filed his Second Amended Complaint (Doc. 16). For the reasons expressed herein, the Court concludes the Second Amended Complaint is the operative complaint, and thus the Court will deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14) as moot.

Plaintiff, proceeding *pro se*, initiated this action in July 2020. (Doc. 1–1.) Defendant moved to dismiss the case for lack of jurisdiction or, alternatively, for failure to state a claim. (Doc. 5.) The Court interpreted Plaintiff's initial Complaint (Doc. 1–1) as asserting a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"). (Doc. 12 at 3–4.) Title II contains a notice provision that functions as a prerequisite for federal jurisdiction. (*Id.* at 4.) Because Plaintiff failed to timely notify the Arizona Civil

Rights Division of the alleged discrimination at issue and failed to state a plausible claim for relief, the Court granted Defendant's motion to dismiss. (*Id.* at 4–11.) The Court afforded Plaintiff leave to comply with Title II's notice requirement and thereafter file an amended complaint. (*Id.*)

Plaintiff timely filed a First Amended Complaint. (Doc. 13.) Defendant renewed its motion to dismiss on March 19, 2021. (Doc. 14.) On March 22, 2021, Plaintiff responded to the renewed motion to dismiss and contemporaneously filed a Second Amended Complaint. (Docs. 15–16.) Plaintiff did not seek leave of court before filing the Second Amended Complaint. Defendant contends Plaintiff's amended pleading fails to comply with this District's Local Rules of Civil Procedure. (Doc. 17 at 2.) Given that allegation, the Court must determine whether the First or Second Amended Complaint is operative. In other words, the Court must determine whether Plaintiff properly filed the Second Amended Complaint.

Preliminarily, the Court will address whether Rule 15(a) of the Federal Rules of Civil Procedure required Plaintiff to seek leave of court before filing his Second Amended Complaint (Doc. 16). The Ninth Circuit has "routinely [] viewed Rule 15(a)(1)'s ability to amend as a right, one which is exhausted or limited only by the restrictions set forth in the Rule itself." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). Rule 15 is "organized substantively, not chronologically." *Id.* Thus, the ability to amend under Rule 15(a)(1) is not "exhausted or waived once a 15(a)(2) amendment is made." *Id.* Here, Plaintiff filed the First Amended Complaint with the Court's leave. (*See* Docs. 12–13.) Thus, that amendment was made pursuant to Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading [] with . . . the court's leave."). Plaintiff could "thereafter utilize his one matter of course amendment under 15(a)(1)." *Ramirez*, 806 F.3d at 1007. Under that provision, a plaintiff may amend his complaint, as a matter of course, "within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Because Plaintiff filed the Second Amended Complaint three days after Defendant's renewed Rule 12(b) motion (Doc. 14), Plaintiff timely filed his Second Amended

Complaint. The Court therefore concludes that Plaintiff was permitted to file the Second Amended Complaint as a matter of course.

The Court next addresses Plaintiff's failure to comply with the Local Rules of Civil Procedure. Pursuant to the Local Rules, when a plaintiff files an amended complaint as a matter of course, the plaintiff "must file a separate notice of filing the amended pleading." LRCiv 15.1(b). The plaintiff must attach a copy of the amended complaint to such notice, indicating how the amended complaint differs from the complaint that it amends. *Id.* As Defendant correctly notes, Plaintiff did not comply with Rule 15.1(b) of the Local Rules. (Doc. 17 at 2.) The Court reminds Plaintiff that compliance with the Local Rules is mandatory, even for *pro se* litigants, and that the failure to comply with those rules in the future may result in denial of motions or dismissal of the case. *See Lachcik v. Maricopa Cnty. Bd. of Comm'rs*, No. CV-15-02318-PHX-DGC, 2016 WL 4367138, at *2 (D. Ariz. Aug. 16, 2016). That said, the Court must apply "Rule 15's policy of favoring amendments to pleadings . . . with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the Court, in its discretion, concludes that the Second Amended Complaint is now the operative complaint in this matter.

Under Ninth Circuit law, it is "well-established . . . that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez*, 806 F.3d at 1008. Because Plaintiff's Second Amended Complaint supersedes the First Amended Complaint, the First Amended Complaint "no longer performs any function." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Defendant's renewed motion to dismiss (Doc. 14) targets the First Amended Complaint. The motion to dismiss (Doc. 14) is therefore moot. *See Ramirez*, 806 F.3d at 1008.

Accordingly,

///

///

///

///

**IT IS ORDERED denying** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice (Doc. 14) as moot. The Court will consider Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. 18) once it is fully briefed.

Dated this 25th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge